# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 16-1345V
### (not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LINDA ADKINS GREER, *as legal representative* *of the* ESTATE OF MICHAEL STEPHEN GREER, *deceased*, | Special Master Corcoran |
| Petitioner, | Filed: April 27, 2017 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Transverse Myelitis ("TM"); Death. |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Milton C. Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Collen C. Hartley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 14, 2016, Linda Adkins Greer, as legal representative of the Estate of Michael Stephen Greer, filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] The petition alleges that Mr. Greer suffered from transverse myelitis ("TM") as a result of his October 22, 2014, influenza ("flu") vaccine. Petitioner further alleges that Mr. Greer's death was the sequela of his alleged vaccine-related injury.

---

[1] This Decision has been designated "not to be published," which means I am not directing it to be posted on the Court of Federal Claims's website. However, it will nevertheless be made public in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act").

Respondent denies that the flu vaccine caused Mr. Greer's alleged TM, any other injury, or his death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on April 27, 2017) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $405,000.00 in the form of a check payable to Petitioner as legal representative of the Estate of Michael Stephen Greer.

Stipulation ¶ 8. This amount represents compensation for all damages that would be available under Section 15(a) of the Act.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner as legal representative of the Estate of Michael Stephen Greer. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

LINDA ADKINS GREER, as )
legal representative of the Estate of )
MICHAEL STEPHEN GREER, deceased, )
)
Petitioner, )
)
v. ) No. 16-1345V
) Special Master Corcoran
) ECF
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
Respondent. )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Linda Adkins Greer ("petitioner"), as legal representative of the Estate of Michael Stephen Greer ("Mr. Greer"), deceased, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries and death allegedly related to Mr. Greer's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Greer received the flu vaccine on October 22, 2014.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Mr. Greer suffered from transverse myelitis ("TM") as a result of receiving the flu vaccine. Mr. Greer passed away on March 24, 2015. Petitioner further alleges that Mr. Greer's death was the sequela of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on behalf of Mr. Greer as a result of his alleged condition or his death.

6. Respondent denies that the flu vaccine caused Mr. Greer's alleged TM, any other injury, or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $405,000.00 in the form of a check payable to petitioner as legal representative of the Estate of Michael Stephen Greer. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to

paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Michael Stephen Greer under the laws of the State of Alabama. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Michael Stephen Greer. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Michael Stephen Greer at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Michael Stephen Greer upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8, and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as legal representative of the Estate of Michael Stephen Greer, on behalf of Mr. Greer's estate and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Greer resulting from, or alleged to have resulted from, the flu vaccination

administered on October 22, 2014, as alleged in a petition for vaccine compensation filed on or about October 14, 2016, in the United States Court of Federal Claims as petition No. 16-1345V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Greer's alleged TM, any other injury, or his death.

17. All rights and obligations of petitioner in her capacity as legal representative of the Estate of Michael Stephen Greer shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

PETITIONER:

*Linda Adkins Greer*
LINDA ADKINS GREER

ATTORNEY OF RECORD FOR PETITIONER:

*M. Clay Ragsdale*
M. CLAY RAGSDALE
RAGSDALE, L.L.C.
517 Beacon Parkway West
Birmingham, AL 35209
(205) 290-6800

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*Catharine E. Reeves*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*Narayan Nair*
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Stop-08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*Colleen C. Hartley*
COLLEEN C. HARTLEY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3644

Dated: 4/27/17